## KELLEY v. TELLE.

### Opinion delivered May 27, 1899.

1. STATUTE OF LIMITATIONS—NEW PROMISE.—Where the maker of a note definitely and unconditionally admits in writing the execution and validity of the note, and, in effect, promises to pay the same according to its terms and effect, such writing constitutes a new date from which the statute of limitations begins to run. (Page 465.)

2. CONFLICT OF LAWS—PLACE OF CONTRACT.—Where a note was signed in the Indian Territory, was made payable on demand, and was delivered to the payee in Arkansas for money loaned there, it is an Arkansas contract. (Page 466.)

Appeal from Sebastian Circuit Court.

EDGAR E. BRYANT, Judge.

*H. C. Mechem* and *F. A. Youmans*, for appellant.

The acknowledgment, in the letter of appellee, that the note was due, and his promise to pay same, are explicit, and were sufficient to toll the statute of limitations. 10 Ark. 134; 18 S. E. 504; 22 Pick. 291; 107 N. Y. 346. Nor was the concluding clause of the sentence a condition attached to the acknowledgment. 9 Exch. 282.

*Hill & Brizzolara*, for appellee.

Appellant has no standing in this court, because there was

no motion for a new trial nor bill of exceptions.   36 Ark. 491;
38 Ark. 568; 2 Ark. 14; 26 Ark. 503; 22 Ark. 224.   The
presumption is in favor of the correctness of the court's finding,
and, so long as there is evidence on which to base it, it must
stand.   54 Ark. 229; 57 Ark. 483; 51 Ark. 93; 60 Ark. 250.
The promise in the letter was too indefinite to toll the statute.
12 Ark. 595; 26 Ark. 540; 22 Ark. 217.   The letter, taken as
an entirety, is only a proposal by appellee to compromise a
debt due him from appellant and allow credit for $1,000.   The
whole letter is to be considered.   52 Ark. 454; 122 U. S. 239;
1 Gr. Ev. § 201.   An admission, to toll the statute, must be
unconditional.   Wood, Lim. § 139; 52 Ark. 288.   The note is
governed by Choctaw laws, which do not authorize suits by one
Indian against another for debts.   61 Ark. 329; 33 Ark. 645;
26 Ark. 356; 9 Ark. 233; 14 Ark. 189; 44 Ark. 213; 7 Ark.
230; 47 Ark. 54; Rand. Comm. Pap. § 21; 1 Dan. Neg. Inst.
§ 873.

  *H. C. Mechem* and *F. A. Youmans*, for appellant, in reply.

  No bill of exceptions is necessary to the consideration of
an assignment of error based upon findings of facts made by
the court and incorporated in the judgment, where the error al-
leged is that the judgment did not conform to the facts.   34
Ark. 686; 40 Ark. 21; 62 Ark. 340; 65 Ark. 20.   The place
of delivery determines the place of a written contract.   1 Dan.
Neg. Inst. § 868; 69 Me. 105; 125 Mass. 374.

  BUNN, C. J.   The note sued on in this case was signed by
the appellee, in Choctaw Nation, Indian Territory, on the 10th
of January, 1888, and was payable on demand, and delivered
to payee in Fort Smith, Ark., for money loaned there.   No de-
mand was made until the institution of the suit, which was on
the 6th day of October, 1893, more than five years after the
execution of the note.   On the 8th of February, 1890, defend-
ant, Telle, addressed a letter to plaintiff's intestate at Fort
Smith, Ark., from Atoka, Indian Territory, in which the de-
fendant and appellee definitely and unconditionally admitted
the execution and validity of the note sued on, and, in effect,
definitely promised to pay the same according to the legal tenor

and effect thereof. This furnished a new date from which the statute runs, and in that view of the case the bar had not attached when the suit was instituted. The conclusion of law of the trial court was erroneous, to the effect that the debt sued on was barred by the statute of limitations.

This, properly speaking, is the only question addressed to us by the record, but as the parties have discussed another, which may be involved in a new trial, we will dispose of that also. It is this: Was this an Arkansas contract, and had the Sebastian circuit court jurisdiction to hear and determine the same? We are of opinion that the contract was completed in Arkansas by the delivery of the note to the payee at Fort Smith, and is valid according to the laws of the state, and that the circuit court had jurisdiction in the matter.

Reversed, and remanded for further proceedings not inconsistent herewith.

WOOD and RIDDICK, JJ., did not participate.